DLD-091                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-4497

_____

IN RE:  JAY L. THOMAS,
                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2-11-cv-03904)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 20, 2012

Before: AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: January 26, 2012)

_____

OPINION

_____

PER CURIAM

     Jay Thomas, proceeding pro se, has filed a petition for a writ of mandamus asking

this Court to compel United States District Judge William J. Martini to "refile" an

amended complaint in a civil action Thomas filed in the United States District Court for

the District of New Jersey.  For the reasons that follow, we will deny the petition.

     Thomas filed a complaint in District Court against Fairleigh Dickinson University

claiming violations of state law.  Thomas alleged that the District Court had diversity

jurisdiction to entertain the complaint, but in an order entered July 27, 2011, the District Court dismissed the complaint for lack of subject matter jurisdiction because there was not complete diversity of the parties. Thomas did not file an appeal.

Over four months later, Thomas filed the present mandamus petition seeking to compel Judge Martini to "refile" an amended complaint. Although the mandamus petition is somewhat unclear, it appears from the attachments that Thomas sent to Judge Martini's chambers a copy of an amended complaint against Fairleigh Dickinson University. Thomas' amended complaint is dated October 6, 2011, but the document is date-stamped received in chambers on December 5, 2011. There is no indication that this document was submitted to the Clerk for filing.[1]

The writ of mandamus traditionally "has been used 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (citations omitted). "The writ is a drastic remedy that 'is seldom issued and its use is discouraged.'" Id. (citations omitted). A petitioner must show that he has no other adequate means to attain the desired relief and that the right to a writ is clear and indisputable. Id. at 141.

Thomas has not made such a showing. Thomas seeks an order directing the District Court to file an amended complaint in a case that has been closed for over five

---

[1]Thomas did file another copy of his mandamus petition, without attaching the amended complaint, in District Court on December 5, 2011.

months.  To the extent Thomas disagreed with the District Court's dismissal of his complaint without having had an opportunity to amend it, he should have filed a timely appeal or motion for reconsideration, mandamus is not an available remedy.  Thomas has not shown a clear and indisputable right to a writ or that he has no other means to attain relief.

Accordingly, we will deny the petition for a writ of mandamus.